In the Matter of the Application of BAITINGER ELECTRIC Co., INC., Petitioner, for a Peremptory Order against RUSSELL FORBES, Commissioner of Purchase of the Department of Purchase of the City of New York, and Others, Defendants.

Supreme Court, Special Term, New York County, March 28, 1939.

*Groggins & Vernoff*, for the petitioner.

*William C. Chanler, Corporation Counsel*, for the defendants.

LEVY, J. The petitioner seeks a peremptory order under article 78 of the Civil Practice Act directing the defendant commissioner of purchase to award it a contract for the supply of incandescent lamps for the year 1939.

Upon the opening of bids on December 5, 1938, there were two low bidders to whom awards were made for parts of the contract. The balance, for which there were a number of tie bids, was sti.: to be awarded. Under subdivision b of section 343 of the New York City Charter " tie bids are to be decided by the agency letting the contract." There is no provision in the law as to the practice to be adopted by the commissioner in such a situation. He has, however, exercised his discretion by adopting the practice of making

the award by the drawing of lots. Under this method petitioner was successful and ordinarily would have received the award.

Upon investigation the commissioner found that petitioner was a subagent of Weidenbach-Brown Co., Inc., which had also participated in the drawing, and that consequently in his opinion it had not been entirely fair. Thereupon he refused to make the award and conducted another drawing from which the petitioner was excluded.

The Commissioner's action in refusing to abide by his own rule for breaking ties may not be sportsmanlike but it cannot be said that it is contrary to law. The award in such cases is entirely within his sole discretion. It is, therefore, unnecessary to decide whether the alleged disqualification is based upon grounds that are warranted.

The situation might have been different if an examination into the fairness of the bid had been made after the award and then urged as a basis for its revocation. In this connection, the corporation counsel was in error in suggesting the possibility of a claim for breach of contract as an adequate remedy. Neither the mandamus remedy nor any other is available because petitioner acquired no substantive rights prior to an actual award, nor any right to an award by reason of being the lowest responsible bidder.

The motion is, therefore, denied.